UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 3TEK GLOBAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3565-B |
| | § | |
| BROOKLYN RESOURCE | § | |
| RECOVERY, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Brooklyn Resource Recovery, Inc. ("BRR")'s Motion to Dismiss (Doc. 4). Having reviewed the briefing and applicable law, the Court **GRANTS** BRR's Motion and **DISMISSES** this action **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

This is a declaratory judgment action arising out of a contract dispute.

Plaintiff 3TEK Global, LLC ("3TEK") manufactures scrap-processing equipment. Doc. 1-1, Pet. ¶ 7. It maintains its headquarters in Grand Prairie, Texas. *Id.* ¶ 1. BRR is headquartered and operates a recycling facility in Brooklyn, New York. *Id.* ¶¶ 2-3, 8. In 2024, BRR purchased a shredding system from 3TEK, as memorialized in a purchase agreement. *See id.* ¶¶ 9-10. The purchase agreement provided equipment specifications and certain limited warranties. *See id.* ¶ 11.

Shortly after the shredding system's installation in BRR's facility, the parties began to quarrel over whether it met contract specifications. *See id.* ¶¶ 12-13. Although 3TEK made various efforts to

resolve the issues, BRR formally revoked acceptance of the shredding machine and demanded a refund. *See id.*; Doc. 5, Mot. App., at app. 1. If 3TEK failed to respond within 14 days, BRR, by the revocation letter's terms, would "proceed to enforce its rights in litigation." Doc. 5, Mot. App., at app. 3 (listing potential contract and warranty claims available under New York law).

The same day that 3TEK received the letter, it brought the present suit in Texas state court seeking declaratory relief. *See* Doc. 1-1, Pet. ¶ 15. Specifically, 3TEK seeks a declaration that it did not breach the purchase agreement or violate any express or implied warranties related thereto, and that BRR could not legally revoke acceptance of the shredding system. *See id.* 3TEK contends that BRR's threat of "legal action . . . necessitat[ed] this suit." *Id.* ¶ 13.

In December 2025, BRR removed the Texas state action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. 1, Notice Removal, 1. BRR also filed a separate, but related action against 3TEK in the Eastern District of New York ("E.D.N.Y."). *See Brooklyn Res. Recovery, Inc. v. 3TEK Glob., LLC*, No. 1:25-cv-6948-KAM-MMH (E.D.N.Y. filed Dec. 17, 2025) (hereinafter the "E.D.N.Y. action"). There, BRR asserts claims against 3TEK for breach of contract, revocation, breach of express warranty, breach of implied warranty, fraud, and misrepresentation—all under New York law. *See* Complaint at 21-37, E.D.N.Y. action, Dkt. No. 1.

Now, BRR moves the Court to exercise its discretion to dismiss 3TEK's declaratory judgment action here—in deference to the pending, but later-filed E.D.N.Y. action—or, in the alternative, to transfer venue to the E.D.N.Y. under 28 U.S.C. § 1404. *See* Doc. 4, Mot., 1.

The Court considers the Motion below.

## II.

## LEGAL STANDARD

The parties' briefs focus on two distinct but intertwined doctrines. First is the so-called first-to-file rule. The first-to-file rule is triggered when there are two separately filed lawsuits pending in different courts that address the same or similar issues with the same parties. Under that rule, "in the absence of 'compelling circumstances,' the district court who gets the suit first should be the one to decide the case." *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, LLC*, 48 F.4th 603, 606 (5th Cir. 2022) (citation modified). The rule is "grounded in principles of comity and sound judicial administration" with an eye toward avoiding duplicate lawsuits, producing inconsistent rulings, or providing "piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted).

Second is the Supreme Court's *Brillhart* doctrine, "whereby federal courts may exercise their discretion to abstain from hearing declaratory judgment actions." *Koch Project Sols., LLC v. All. Process Partners, LLC*, No. 21-20093, 2022 WL 16859961, at *1 (5th Cir. Nov. 11, 2022) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). The Declaratory Judgment Act ("DJA")[1] does not confer any "absolute right on [a] litigant" to have a court hear its declaratory judgment suit. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (other citations omitted) (quoting *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). In this unique context, "the normal principle that federal

---

[1] "When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." *Dixon v. Wells Fargo Bank, N.A.*, No. 3:19-CV-1677-G-BH, 2020 WL 10050726, at *6 (N.D. Tex. Jan. 29, 2020) (Ramirez, Mag. J.) (citation omitted), *report and recommendation adopted*, 2020 WL 10050712 (N.D. Tex. Feb. 3, 2020) (Fish, S.J.).

courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

To decide whether to entertain or dismiss a declaratory judgment action, a court considers: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003).

On the third consideration, the analysis includes at least six factors:

> (1) whether there is a pending action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff's suit is anticipatory; (3) whether the plaintiff engaged in forum shopping; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedent in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.

*Pontchartrain*, 48 F.4th at 605 (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993)). These factors are sometimes called the "*Trejo* factors." *See Sherwin-Williams*, 343 F.3d at 388.[2] The Fifth Circuit reviews a district court's decision to dismiss a DJA action for abuse of discretion. *Id.* at 389 (citations omitted).

Courts often analyze the first-to-file and *Brillhart* doctrines together. A court with the first-filed action—even a declaratory judgment action—cannot exercise its discretion to dismiss that action absent "compelling circumstances." *See Pontchartrain*, 48 F.4th at 606 (citations omitted). If a district court's decides to dismiss a declaratory judgment action after consideration of the above *Trejo* factors, that analysis may be enough to satisfy the "compelling circumstances needed to obviate the first-to-

---

[2] Although *Sherwin-Williams* identifies seven *Trejo* factors, *see* 343 F.3d at 388, the Fifth Circuit has more recently presented the analysis as having six factors, *see Pontchartrain*, 48 F.4th at 605. Because the seventh factor expressed in *Sherwin-Williams* is inapposite here, this distinction does not change the scope of the Court's inquiry.

file rule's application." *Pontchartrain*, 48 F.4th at 606 (citation modified) (holding that the same six factor analysis governing whether a declaratory judgment action could be dismissed "more than satisf[ied] the compelling circumstances needed" to avoid application of the first-to-file rule); *see Sally Holdings LLC v. Bd. Ams., Inc.*, No. 4:22-CV-285-SDJ, 2023 WL 4424599, at *2 (E.D. Tex. July 10, 2023) (noting that one circumstance "warrant[ing] departure from the 'first-to-file' rule" is when the first action was an anticipatory declaratory judgment action (citing *Travelers Ins.*, 996 F.2d at 779 n.15)).

Thus, in addressing BRR's principal argument for dismissal, the Court must determine both (1) whether it *should* exercise its discretion to dismiss this action; and (2) whether, this being the first-filed case, there are compelling circumstances presented that *permit* the Court to exercise that discretion.

### III.

### ANALYSIS

The Court first addresses whether it should exercise its discretion to dismiss this action. Because that analysis also demonstrates that there are compelling circumstances to preclude the first-to-file rule's application, the Court grants BRR's Motion and dismisses this action.

A.    *The Court Should Exercise Its Discretion and Dismiss this Declaratory Judgment Action.*

Under the first two steps, the Court must first determine whether this action is "justiciable" and whether the Court has "authority to grant declaratory relief." *See Sherwin-Williams*, 343 F.3d at 387. Neither of these factors is disputed. The Court finds that this action is justiciable because there is an "actual controversy" between the parties regarding their rights under and related to the purchase agreement. *See id.* And the Court has authority to grant declaratory relief because it has

diversity jurisdiction over the parties under 28 U.S.C. § 1332. *See id.*; *see also* Doc. 1, Notice Removal, 1-2.[3]

The third step, whether the Court should exercise its discretion to dismiss this action, requires a more detailed analysis that looks to the six *Trejo* factors. Courts group those factors into three general buckets: federalism, fairness, and efficiency. *See Sherwin-Williams*, 343 F.3d at 390-91; *Mill Creek Press, Inc. v. Thomas Kinkade Co.*, No. CIVA.3:04-CV-1213-G, 2004 WL 2607987, at *6 (N.D. Tex. Nov. 16, 2004) (Fish, C.J.). The Court addresses each category in turn.

1.    Federalism Factor

The federalism factor is typically construed as being concerned with the "proper allocation of decision-making between state and federal courts." *See Sherwin-Williams*, 343 F.3d at 390-91. But the E.D.N.Y. action, like the present action, is in federal court. Where there is no pending state lawsuit related to the instant case, this does not weigh for or against dismissal of the action. *See Mill Creek*, 2004 WL 2607987, at *6.

In any case, "[d]uplicative litigation in federal court, especially over matters of state law, should be avoided." *Koch Project Sols.*, 2022 WL 16859961, at *5 (citation omitted). As framed in *Pontchartrain*, the federalism factor also generally addresses "whether there is a pending action in which all of the matters in controversy may be fully litigated." 48 F.4th at 605 (citation omitted). Both parties acknowledge that the two actions address the same core issues. *See* Doc. 4, Mot., 14; Doc. 8, Resp. Br., 16. However, unlike the present action—which seeks only declaratory relief and does not address BRR's fraud or misrepresentation claims—the E.D.N.Y. action can fully address the

---

[3] Having reviewed the record, the Court has satisfied itself that § 1332's complete-diversity and amount-in-controversy requirements are met.

relief sought by the parties. *Cf. Capco Int'l, Inc. v. Haas Outdoors, Inc.*, No. CIV.A. 3:03-CV-2127G, 2004 WL 792671, at *5 (N.D. Tex. Apr. 9, 2004) (Fish, C.J.) (noting, while addressing the efficiency factor, that "when both federal actions involve the same issues and parties, the better alternative is to allow the broader relief action to proceed, since it certainly would address the relief sought, rather than the restricted declaratory judgment action" (citation modified)). The federalism factor therefore weighs in favor of dismissal.

2.      Fairness Factors

The fairness factors include whether the declaratory judgment suit is anticipatory, whether the plaintiff engaged in forum shopping, and whether retaining the suit would result in possible inequities. *See Pontchartrain*, 48 F.4th at 605 (citation omitted). BRR contends that each of these concerns is implicated here, *see* Doc. 4, Mot., 15, and the Court agrees. As 3TEK itself alleges, after significant discussions over whether the shredding system met specifications, BRR concluded that 3TEK had not met its contractual obligations and "threatened legal action, [thereby] *necessitating this suit*." Doc. 1-1, Pet. ¶ 13 (emphasis added). Indeed, 3TEK filed the present action the very day BRR sent its revocation letter and informed 3TEK of the 14-day ultimatum. *See* Doc. 5, Mot. App., at app. 1-4; *see generally* Doc. 1-1, Pet. This course of events leaves little doubt that 3TEK's suit is anticipatory. *See Landry Distilling, Inc. v. Landry's LLC*, No. 1:23-CV-349-RP, 2024 WL 5185703, at *3 (W.D. Tex. Feb. 2, 2024) ("The Fifth Circuit has held that, when informal negotiations break down and a party threatens litigation if a settlement is not reached, 'there can really be no dispute'

that the declaratory judgment complaint 'was in anticipation of that expected action.'" (quoting *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983)).

To be sure, the fairness factors "cannot be literally applied" as precluding all declaratory judgment actions—they are "anticipatory" by their very (intended) nature. *See Mill Creek*, 2004 WL 2607987, at *7 (citing *Sherwin-Williams*, 343 F.3d at 391-92). But where a declaratory action was filed for "improper or abusive" reasons, it should be dismissed "in favor of the later filed non-declaratory suit." *Id.* (citation omitted). The impropriety of a declaratory judgment action is evident where the plaintiff files the action while on notice that another party intends to file suit involving the same issues elsewhere. *See id.* (citing *909 Corp. v. Vill. of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990)); *see also Sally Holdings*, 2023 WL 4424599, at *6 ("[C]ourts in the Fifth Circuit favor dismissing or transferring declaratory-judgment actions that deprive the true plaintiff of filing their affirmative case in a forum of its choosing." (citing *Cedarstone Indus., LLC v. C4, LLC*, No. 4:21-CV-02719, 2022 WL 369830, at *5 (S.D. Tex. Feb. 7, 2022)).

In *Mill Creek*, the plaintiffs filed a declaratory judgment action during a period of out-of-court negotiations and *on the day* the defendant had threatened litigation if the parties could not settle the controversy. *See* 2004 WL 2607987, at *8. The court found that "the swiftness with which the plaintiffs reacted to [the] ultimatum indicate[d] that the plaintiffs simply wanted to deprive the party allegedly aggrieved of its choice of forum." *Id.* That the defendant's settlement demands may have been unreasonable did not change the court's analysis. *See id.*

Similarly, in *Pontchartrain*, the Fifth Circuit agreed with the district court's determination that a declaratory judgment plaintiff had been motivated by a "race to the courthouse" when it filed the action while on notice of the defendant's intent to refile a breach of contract suit elsewhere. *See*

48 F.4th at 606. That "'race to the courthouse' represented a misuse of the [DJA] that attempted to preempt the proper plaintiff's forum choice." *Id.*

Both cases are instructive here. Because 3TEK filed the present declaratory judgment action in direct anticipation of BRR's New York breach-of-contract suit, and because retaining this action would result in inequities by depriving the true plaintiff of its chosen forum, the relevant fairness factors weigh in favor of dismissal.[4]

> 3.      Efficiency Factors

"The remaining *Trejo* factors concentrate on what is the most convenient forum for the parties and witnesses, and on whether retaining the suit in this forum would serve the purposes of judicial efficiency." *Mill Creek*, 2004 WL 2607987, at *9. The shredding system—the adequacy of which forms the basis of the present dispute—is permanently installed in the E.D.N.Y. *See* Doc. 1-1, Pet. ¶¶ 8, 12. BRR is also located there. *Id.* ¶¶ 2-3. And 3TEK acknowledges that the shredding system's three main components were manufactured separately in Texas, Indiana, and South Carolina. Doc. 8, Resp. Br., 3. Even 3TEK's representatives during the purchase negotiations with BRR reside in South Carolina. *See id.* at 3-4. Thus, while 3TEK itself is based in this District, Doc. 1-1, Pet. ¶ 1, it is certainly not a *more* convenient forum than the E.D.N.Y.

In addition, the E.D.N.Y. action is a better vehicle for resolving the parties' dispute. The E.D.N.Y. action will provide the parties with a more-complete resolution because it includes BRR's substantive claims for breach of contract, revocation, warranty, fraud, and misrepresentation—along with 3TEK's defenses which are also raised before the Court here. *See Capco*, 2004 WL 792671, at

---

[4] The Court does not separately address whether 3TEK engaged in forum shopping because the parties do not address what law would apply or why this forum is otherwise favorable to 3TEK. Nevertheless, the Court need not decide this issue in reaching its decision here.

*5. Were the Court to entertain the present action, the E.D.N.Y. action would still have to adjudicate BRR's claims *not* present in this action—namely the fraud and misrepresentation claims. This "would frustrate judicial economy by necessitating two suits, rather than one, and requiring duplicative testimony concerning similar issues." *Sally Holdings*, 2023 WL 4424599, at *6. And while declaratory judgment actions are effective vehicles for resolving uncertainty as to rights, statuses, and legal relationships before a cause of action develops, they are less appropriate where a plaintiff's cause of action is already "mature and enforceable in a pending suit that involves the same parties and the same issues." *Grace v. Everhome Mortg. Co.*, No. 3:13-CV-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (Boyle, J.) (citations omitted). Thus, the efficiency factors also weigh in favor of dismissal.

Having reviewed the six *Trejo* factors, the Court finds that they weigh strongly in favor of dismissal of this action and that the Court should exercise its discretion under the DJA to dismiss this action.

B.      *The First-To-File Rule Does Not Preclude Dismissal.*

Finding that the *Trejo* factors together weigh in favor of dismissal, the Court next evaluates whether the first-to-file rule would otherwise preclude the Court from doing so. It does not. The Court finds that the above analysis also identifies "compelling circumstances" that obviate the rule's application here. *See Pontchartrain*, 48 F.4th at 606; *Sally Holdings*, 2023 WL 4424599, at *2 (citing *Travelers Ins.*, 996 F.2d at 779 n.15). The Court therefore declines to exercise its jurisdiction over 3TEK's declaratory judgment action here.

## IV.

## CONCLUSION

In sum, BRR's Motion to Dismiss (Doc. 4) is **GRANTED**. The Court hereby **DISMISSES**

this action **WITHOUT PREJUDICE**. A final judgment will follow.

**SO ORDERED.**

**SIGNED: May 21, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE